IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

HENRY TILMON, JR.                                                    PLAINTIFF
ADC #132779

V.                              NO.  2:08cv00023 SWW-JWC

LARRY NORRIS, et al                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR  72201-3325

## I.  Recommended Disposition

On February 25, 2008, Plaintiff, a pro se inmate currently confined to the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1).  Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

According to Plaintiff's complaint, he was seen by Defendant Clark on September 7, 2007.  During his physical Plaintiff explained to Defendant Clark that he has a heart problem that precludes him from working hoe squad.  At his former unit he was assigned to building utility instead.  Defendant Clark failed to correctly classify Plaintiff in his medical jacket so he would not be placed on hoe squad.  Plaintiff alleges he has a heart problem and "was thinking what if [he] had die[d] out there working on hoe squad," although he fails to allege any physical injury as a result of Defendant Clark's alleged actions.  On September 10, 2007, Plaintiff was called to hoe squad and received his first disciplinary

2

for refusing to report. Plaintiff was placed in segregation until his hearing. The disciplinary hearing took place on September 17, 2007, and Plaintiff was found guilty.[1] The following day, Plaintiff appealed his disciplinary to Defendant Harmon who denied the appeal.[2] On September 26, 2007, Plaintiff received a second disciplinary for refusing hoe squad duty. At the October 11, 2007, hearing for this disciplinary, Plaintiff was found not guilty (of the same charges as the first disciplinary) and Warden Outlaw instructed him to put in an infirmary request to have his medical classification changed. Plaintiff put in four to five requests before he was seen on October 23, 2007. His heart was checked and another appointment scheduled to see either a nurse practitioner or a doctor named Ms. Ella Taylor on October 30, 2007. Ms. Taylor fixed Plaintiff's medical jacket and had him removed from hoe squad. Plaintiff alleges that had Defendant Clark, who has since been fired, performed his job properly, he would not have received the two disciplinaries, and he "probably would have been Class 1 by now." Plaintiff requests that his class be restored and the disciplinaries expunged from his record, as well as compensatory and punitive damages.

## II. Standard

After granting Plaintiff in forma pauperis status, Plaintiff was notified (docket entry #3) that should his case be subsequently dismissed on the grounds that it is: 1) frivolous or malicious; 2) fails to state a claim upon which relief may be granted; or 3) seeks

---

[1] Plaintiff's good time class was reduced to level III, and his commissary, phone, and visitation were restricted for thirty days.

[2] Subsequently, Plaintiff appealed Defendant Harmon's decision to Defendant Gibson who also denied the appeal. Plaintiff last appealed Defendant Gibson's decision to Defendant Norris who also denied the appeal.

monetary relief against a defendant who is immune from such relief, there would be no provision for a refund of any portion of his filing fee.  28 U.S.C. § 1915A.

Federal courts are required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  Id. § 1915A(a).  A federal court must dismiss a prisoner's complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b).  This Court may sua sponte dismiss a complaint filed in forma pauperis in whole or in part at any time if it determines that the action fails to state a claim upon which relief can be granted.  Id. § 1915(e)(2)(B)(ii), § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

Dismissal for failure to state a claim is proper only if, accepting each allegation as true, it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972));  Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  In addition, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers."  Haines, 404 U.S. at 520-21.

### III.  Analysis

In Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court delineated what constitutes a habeas action as opposed to a § 1983 claim.  The essence of habeas corpus is an attack by a person in custody upon the legality of that custody.  Id. at 484.  The label a prisoner gives to his suit is not controlling.  Id. at 489-90.  Therefore, if Plaintiff is in effect

4

challenging the length of his incarceration, then his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to § 1983.  Id. at 499.  State prisoners are required to exhaust their available state court remedies before bringing federal habeas corpus claims.  28 U.S.C. § 2254(b) & (c).  A claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."  Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

The essence of Plaintiff's complaint is an attack on the validity of the first disciplinary he received, i.e., that his good time class was wrongfully revoked based on Defendant Clark's alleged incompetence.  The fact that he has labeled this a § 1983 action is not controlling.  The type of claim Plaintiff has raised, if proven, would necessarily invalidate the disciplinary result and would affect the term of his sentence; therefore, to the extent Plaintiff challenges the specific length of his incarceration, his claims are not cognizable here.  Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); Wilson v. Lockhart, 949 F.2d 1051, 1051-52 (8th Cir. 1991) (challenge which would result, if successful, only in earlier eligibility for parole and not necessarily earlier release, should nonetheless be brought as habeas petition).  Furthermore, the Court should decline to consider this case on the merits as a § 2254 habeas petition because it is apparent from the face of the complaint that Plaintiff has not claimed--much less proven--that he has exhausted his available state court remedies; therefore, dismissal without prejudice is appropriate. 28 U.S.C. § 2254(b)(1)(A) (court shall not grant writ of habeas corpus unless applicant has exhausted remedies available in state

court system); <u>Carmichael v. White</u>, 163 F.3d 1044, 1045 (8th Cir. 1998) (§ 2254 petitioner has burden to show all available state remedies have been exhausted or that exceptional circumstances exist).

In addition, the fact that Plaintiff also seeks damages from Defendants will not save his case. In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that if a judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged, or called into question by issuance of a federal writ of habeas corpus. Although <u>Heck</u> involved a criminal conviction, the Supreme Court extended its holding, in <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997), to prison disciplinary decisions which deprive a prisoner of good-time credits. <u>Edwards</u> held that a prisoner's claim for declaratory relief and money damages, based on procedural violations in prison disciplinary proceedings that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983. <u>Id</u>. at 648. A § 1983 claim does not arise until a state or federal court has invalidated the disciplinary result. <u>Sheldon v. Hundley</u>, 83 F.3d 231, 233 (8th Cir. 1996). In determining the applicability of <u>Heck</u> to § 1983 claims concerning disciplinary hearings, courts should "disregard the form of the relief sought and instead look to the essence of the plaintiff's claims." <u>Id</u>.

To reiterate, Plaintiff's allegations, if proven, would necessarily imply the invalidity of the first disciplinary result and would affect the term of his sentence. Absent any allegation that Plaintiff has successfully challenged the disciplinary decision through appropriate state or federal procedures, his § 1983 claim is not cognizable. For these reasons, Plaintiff's claims should be dismissed without prejudice to refiling at such time as

a successful challenge has occurred.  Plaintiff should be advised, however, that he cannot bring a federal habeas action challenging his disciplinary conviction until he has exhausted his state remedies, as explained above.  Sheldon, 83 F.3d at 234; Armento-Bey v. Harper, 68 F.3d 215, 216 (8th Cir. 1995) (Bowman, J., dissenting).

### IV.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's case should be DISMISSED in its entirety WITHOUT PREJUDICE.

2.      All pending motions should be DENIED AS MOOT.

3.      The Court should certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith.

4.      Pursuant to Armentrout v. Tyra, 175 F.3d 1023 (8th Cir. 1999) (unpub. table op.), an action dismissed without prejudice under Heck, should count as a "STRIKE" pursuant to 28 U.S.C. § 1915(g).[3]

DATED this 18th day of March, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

7